**LEWIS BRISBOIS BISGAARD & SMITH LLP**
M. CRAIG MURDY
Nevada Bar No. 007108
JEFFREY D. OLSTER
Nevada Bar No. 008864
6385 S. Rainbow Blvd., Suite 600
Las Vegas, NV 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789
Craig.Murdy@lewisbrisbois.com
Jeff.Olster@lewisbrisbois.com

*Attorneys for Defendant TVI, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ELIA RODRIGUEZ, an individual, | Case No. |
| Plaintiff, | |
| vs. | **PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441 (DIVERSITY)** |
| TVI, INC. D/B/A SAVERS; a Foreign Corporation; GOLD STAR VENTURE, LLC, a Foreign Limited-Liability Company; DOE INDIVIDUALS 1-10 and ROE CORPORATIONS/ENTITIES 1-10, inclusive, | |
| Defendants. | |

Pursuant to 28 U.S.C.§ 1441 (b), Defendant, TVI, Inc. d/b/a Savers (hereafter "Savers"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, files this Petition for Removal of Clark County District Court Case No. A-22-859771-C styled *Elia Rodiguez v. TVI, Inc. d/b/a Savers et. al.*, to the United States District Court for the District of Nevada, and states as follows:

**PLEADINGS AND PROCEEDINGS TO DATE**

1. On October 12, 2022, Plaintiff commenced a civil action in the Eighth Judicial District Court, Clark County, State of Nevada, entitled, "*Elia Rodriguez v. TVI, Inc. d/b/a Savers et. al.*," Case No. A-22-859771-C (the "State Court Action."). True and correct copies

of the Complaint, Summons, and Service of Process Notice are attached hereto as Exhibit 1, 2, and 3.

2. Service of the Summons and the Complaint upon Defendant Savers was made on its Registered Agent on October 26, 2022. *See* Exhibit 3.

3. Upon information and belief, service of the Summons and the Complaint was completed on Defendant Gold Star Venture, LLC on or about October 21, 2022 (hereafter "Gold Star").

4. Defendant Savers has not yet filed an Answer and will do so in accordance with Fed. R. Civ. P. 81(c)(2).

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant Saver's pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Removal of this action is timely pursuant to 28 U.S.C. §1446(b).

7. Thus, Defendant timely seeks removal as the Complaint is the first pleading, paper or filing upon which removal could reasonably be requested.

## VENUE

8. Venue is appropriate in the unofficial Southern District of the Court pursuant to 28 U.S.C. §1391(b)(2) and (c), 1441(a); and LR IA 1-6.

## GROUNDS FOR REMOVAL

9. The action is a civil suit brought in a Nevada court. Removal is based upon diversity of citizenship jurisdiction, 28 U.S.C. §1332. The action is pending in Clark County, Nevada, therefore under 28 U.S.C. §108, the United States District Court for the District of Nevada is the proper forum for removal.

## DIVERSITY OF CITIZENSHIP

**A. Citizenship of the Parties**

10. Complete diversity exists with respect to the Plaintiff and the Defendants. Accordingly, this action is one that Defendant may remove pursuant to the provisions of 28

U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. Specifically, at the time of filing of the State Court civil action, Plaintiff was a resident of the County of Clark, State of Nevada. *See* Exhibit 1. at paragraph 1.

12. At the time of the filing of the State Court civil action, Defendant Savers was, and still is, incorporated under the laws of the State of Washington and has its principal place of business in the State of Washington. *See* Exhibit 4, Screenshot of TVI, Inc.'s Principal Place of Business as listed on the Nevada Secretary of State website.

13. At the time of the filing of the State Court civil action, Defendant Gold Star was, and still is, registered under the laws of the State of California and has its principal place of business in the State of California. *See* Exhibit 5, Screenshot of Gold Star's Principal Place of Business as listed on the Nevada Secretary of State website.

14. Defendant Gold Star has consented to the Removal.

15. As set forth above, there is complete diversity of citizenship between Plaintiff and Defendants in the State Court civil action.

**B. Amount in Controversy**

16. It is apparent from the four corners of the Complaint filed in the State Court Action, that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

17. According to the Complaint, Plaintiff was injured in the subject accident, which allegedly occurred at Defendant Saver's store located at 3121 N. Rancho Drive, Las Vegas, Nevada 89130. *See* Exhibit 1 at paragraph 9 – 11.

18. Plaintiff asserts claims for relief for 1) Negligence; and 2) Negligent Inspection and Warning. Plaintiff's Complaint alleges she has already incurred in excess of $200,000.00 in past medical expenses for treatment from her alleged injuries and will incur in excess of $400,000.00 in future medical expenses to treat her injuries. *Id.*

19. Plaintiff seeks an award of general damages in excess of $15,000.00, expenses for medical care and treatment in excess of $15,000.00, past and future loss of household services in excess of $15,000.00, past and future loss of wages and vocational capacity, and attorney's fees and costs of suit. *Id.* at paragraph 14 – 18. In addition, Plaintiff seeks an

award for punitive damages. *Id*. at Plaintiff's Prayer for Relief.

A defendant's duty is not to prove by a preponderance of the evidence that a plaintiff is likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, Case No. 3:09-cv-714-RCJ-(RAM), 2010 U.S. Dist. LEXIS 85073 (D. Nev. July 15, 2010). In other words, the amount in controversy is satisfied if a plaintiff's potential gain exceeds the jurisdictional limit. *Id*. The pertinent question the Court is to ask is whether a plaintiff is likely to ask a jury for an amount above $75,000.00. *Canonico v. Seals*, Case No. 2:13-cv-316-RCJNJK, 2013 U.S. Dist. LEXIS 60047 (D. Nev. Apr. 25, 2013). As such, the appropriate figure to use in determining whether Defendant Savers has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims considering all of the allegations and all the asserted damages. If Defendant Savers can show by a preponderance of evidence that (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiffs a full recovery, that award would be over the jurisdictional threshold, then jurisdiction with the Federal Court should remain.

Additionally, the Court may consider any request for punitive damages and attorneys' fees when determining if the amount in controversy exceeds $75,000.00. *Manthei v. Northwestern Mut. Life Ins. Co.*, Case No. 2:13-cv-1218-APG-NJK, 2014 U.S. Dist. LEXIS 15714, 5-6 (D. Nev. Feb.6, 2014). Thus, Plaintiff's claim for punitive or exemplary damages should be taken into account in calculating the amount in controversy.

As set forth above, when combining Plaintiff's identified damages, the amount in controversy reflects an amount in excess of the jurisdiction threshold of $75,000.00.

## EXHIBITS

1. Complaint
2. Summons
3. Service of Process Notice.
4. Screenshot of TVI, Inc.'s Principal Place of Business as listed on the Nevada Secretary of State website.

5. Screenshot of Gold Star's Principal Place of Business as listed on the Nevada Secretary of State website.

## **CONCLUSION**

Based upon the foregoing, Defendant Savers respectfully submits that: (a) there is diversity of citizenship between Plaintiff and Defendants, and (b) based upon the four corners of the Complaint, the amount in controversy exceeds $75,000.00. This action is, therefore, properly removed to the United States District Court for the District of Nevada.

DATED this 11th day of November, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ *Jeffrey D. Olster*
M. CRAIG MURDY
Nevada Bar No. 007108
JEFFREY D. OLSTER
Nevada Bar No. 008864
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383

Attorneys for Defendant TVI, Inc.

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP and that on this 11th day of November, 2022, I did cause a true and correct copy of the foregoing **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** with the Clerk of the Court through Case Management/Electronic Filing System.

Robert W. Cottle
Joelle Misuraca
THE COTTLE FIRM
8635 S. Eastern Avenue
Las Vegas, NV 89123
rcottle@cottlefirm.com
jmisuraca@cottlefirm.com
*Attorneys for Plaintiff*

Michael C. Hetey
Thorndal Armstrong Delk Balkenbush & Eisinger
1100 E. Bridger Avenue
Las Vegas, NV 89101
mch@thorndal.com
*Attorney for Defendant Gold Star Venture LLC*

By: */s/ Susan Awe*
An Employee of LEWIS BRISBOIS BISGAARD & SMITH LLP